UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MAUREEN TAMARA TORRES,

    *Plaintiff*,

    v.

AGENCY FOR INTERNATIONAL DEVELOPMENT, et al.,

    *Defendants*.

Civil Action No. 23-2700 (TJK)

**MEMORANDUM**

Under her Student Loan Repayment Plan agreement, Maureen Tamara Torres had to work at the U.S. Agency for International Development for three years for it to repay her student loans. But Torres only lasted about a year and a half, allegedly because of a hostile work environment that violated Title VII of the Civil Rights Act of 1964. She now sues under that same statute for an order relieving her of her repayment obligations. Administrator Samantha Power, appearing in her official capacity, moves to dismiss or for summary judgment. The Court will dismiss the named defendants because it lacks subject-matter jurisdiction over the claims against them, join Administrator Power as the sole defendant, and grant summary judgment to Administrator Power because Torres's claims are time-barred.

**I.    Background**

Torres began working at the U.S. Agency for International Development ("USAID") in March 2020. While there, she participated in its Student Loan Repayment Program, which resulted in USAID paying off her student loans "with the contingent requirement of working for the Agency for three years." ECF No. 1-1 ¶ 12–13. But Torres did not last three years, transferring to another

federal agency in September 2021. ECF No. 19-2 at 1.[1] She alleges that she felt "no choice but to depart the Agency" based in part on the rocky relationship she had with one of her coworkers, Jessica O'Connor, who would tell Torres to "perform responsibilities outside of [her] job description while refusing to provide guidance or direction." ECF No. 1-1 ¶¶ 6, 35. O'Connor was also allegedly "critical, negative, and forceful" in her interactions with Torres, which continued throughout 2020 and caused Torres to feel "incompetent and stressed." *Id.* ¶¶ 7, 11. Torres also felt compelled to leave because of her relationship with her supervisor, Jeffrey Lehrer, who, rather than help remedy the discord between Torres and O'Connor, allegedly exacerbated the situation by "becoming similarly hostile and critical." *Id.* ¶ 17. And when Torres escalated her concerns to Robert Horvath—the Deputy Director for the Center for Conflict and Violence Prevention— Horvath allegedly did nothing. *Id.* ¶ 21. According to Torres, this purported "bullying" by O'Connor and subsequent failure to intervene by Lehrer and Horvath created a hostile work environment that led Torres to find continued employment "intolerable." *Id.* ¶ 25, 29–30. So she notified USAID that she had found a new job on July 26, 2021, which she started on September 11, 2021. *Id.* ¶ 35; ECF No. 19-2 at 1.

Torres alleges that, because her resignation stemmed from a hostile work environment, "her leave was not a 'voluntary resignation' under the terms of the Student Loan Repayment Plan" such that she would have to repay USAID for her student loans. ECF No. 1-1 ¶ 41. She litigated this issue in two civil-rights administrative proceedings, yet she did not succeed in either. USAID's Office of Civil Rights ("OCR"), for example, issued a Final Agency Decision ("FAD") on April 11, 2022, rejecting her claim. ECF No. 19-2 at 1–2. While Torres appealed that decision

---

[1] Because the Court will grant Administrator Power summary judgment, it is not confined to the facts as alleged in Torres's complaint. *See* Fed. R. Civ. P. 12(d).

to the Merit Systems Protection Board ("MSPB"), MSPB ultimately dismissed that appeal for lack of jurisdiction. *Id.* at 1. OCR issued another FAD on June 8, 2023, finding that Torres had again failed to establish any unlawful conduct committed by the Agency. ECF No. 19-3 at 1.

Torres then filed this action on September 14, 2023, against USAID, Lehrer, and Horvath (in their official capacities as employees of USAID). *See* ECF No. 1 at 1. She alleges that, because she was subject to a hostile work environment in violation of several administrative regulations and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, she should be relieved of her repayment obligations. *Id.* at 4–5; ECF No. 1-1 ¶ 1. Defendants, through Administrator Power, move to dismiss or for summary judgment, arguing that they are improper defendants, the suit is untimely, and the complaint fails to state a claim.[2] ECF Nos. 19, 26. The Court will dismiss the named defendants because it lacks subject-matter jurisdiction over the claims against them, join Administrator Power as the sole defendant, and grant summary judgment to Administrator Power because there is no genuine issue of material fact about whether Torres's claims are time-barred.

## II.   Analysis

Federal courts are courts of limited subject-matter jurisdiction, so they have "a duty to notice a failure of subject-matter jurisdiction on [their] own motion at any time during the proceedings." *Nichols v. Agency for Int'l Dev.*, 18 F. Supp. 2d 1, 3 (D.D.C. 1998). One limit on a court's subject-matter jurisdiction is the doctrine of sovereign immunity, which "bars lawsuits

---

[2] Though the motion is titled as a motion to dismiss, the memorandum of points and authorities in support is styled as in support of a "motion to dismiss or for summary judgment," and it refers both to Rule 12 (governing motions to dismiss) and Rule 56 (governing motions for summary judgment). ECF No. 19-1 at 1, 4–5. Additionally, when "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). The Court accordingly construes the motion as one for either dismissal or summary judgment.

against the United States, its agencies[,] and its employees sued in their official capacities, absent an unambiguous waiver by the federal government." *Boling v. U.S. Parole Comm'n*, 290 F. Supp. 3d 37, 46 (D.D.C. 2017), *aff'd*, No. 17-5285, 2018 WL 6721354 (D.C. Cir. Dec. 19, 2018). In such suits, the plaintiff bears the burden to prove that the United States has clearly waived its sovereign immunity. *Coulibaly v. Kerry*, 213 F. Supp. 3d 93, 123 (D.D.C. 2016).

Here, the only statute Torres cites as the basis for her claims is Title VII.[3] ECF No. 1-1 ¶ 1. But Title VII's waiver of sovereign immunity is limited, applying only when "the head of the department, agency, or unit" who employed the plaintiff is "the defendant." 42 U.S.C. § 2000e-16(c). Indeed, courts in this district routinely dismiss claims against improper defendants for lack of subject-matter jurisdiction. *See, e.g.*, *Nichols*, 18 F. Supp. 2d at 3; *Norris v. Salazar*, 885 F. Supp. 2d 402, 413 (D.D.C. 2012), *aff'd*, No. 12-5288, 2013 WL 1733645 (D.C. Cir. Apr. 10, 2013). Because Administrator Power, the head of USAID, is the only proper defendant to this suit, the Court must dismiss the three named defendants because the Court lacks subject-matter jurisdiction over the claims against them.[4]

The Court will then join Administrator Power as a defendant at her request. Federal Rule of Civil Procedure 21 grants the Court the authority to "at any time, on just terms, add . . . a party." This rule permits courts to add related defendants when a named defendant is not amenable to suit. *See, e.g.*, *Ndifor v. D.C. Dep't of Corr.*, 703 F. Supp. 3d 113, 118–19 (D.D.C. 2023) (relying on Rule 21 to add the District of Columbia when the plaintiff named an improper agency as

---

[3] Torres also cites three provisions in the Code of Federal Regulations, but sovereign immunity can only be waived by statute. *Lane v. Pena*, 518 U.S. 187, 192 (1996).

[4] Administrator Power argues that the named defendants should be dismissed on the merits under Federal Rule of Civil Procedure 12(b)(6). So in dismissing the claims against them for lack of subject-matter jurisdiction, the Court acts sua sponte.

4

defendant).  And in the Title VII context, courts substitute the heads of the relevant agencies as defendants when necessary, especially when they consent.  *Johnson v. Mao*, 174 F. Supp. 3d 500, 503 n.1 (D.D.C. 2016).  So the Court will join Administrator Power as the sole defendant.  *See* ECF No. 19-1 at 1 n.1.

Finally, the Court will grant Administrator Power summary judgment.  Summary judgment is warranted when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A party may establish a lack of genuine dispute by "citing to particular parts of materials in the record," *id.* 56(c)(1)(A), and, when the opposing party "fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion," *id.* 56(e), (e)(2).

A Title VII defendant is entitled to judgment as a matter of law when the complaint is untimely.  *Tyler v. Henderson*, No. 00-cv-0060 (RWR), 2001 WL 194930, at *5 (D.D.C. Feb. 22, 2001), *aff'd*, 21 F. App'x 4 (D.C. Cir. 2001).  Title VII provides that a plaintiff must file her civil suit "[w]ithin 90 days of receipt of notice of final action taken by" their employing agency "on a complaint of discrimination."  42 U.S.C. § 2000e-16(c).  Additionally, when a plaintiff files a discrimination complaint with the MSPB, a case seeking judicial review of that decision "must be filed within 30 days after the date the individual filing the case received notice of the judicially reviewable action."  5 U.S.C. § 7703(b)(2).

Administrator Power argues that Torres received notices of final action under both § 2000e-16(c) and § 7703(b)(2) but failed to timely file her civil action.  In support, she filed the decisions from both agencies.  ECF Nos. 19-2, 19-3.  The first, a January 10, 2023, decision from the MSPB, became a final agency action on February 14, 2023.  ECF No. 19-2 at 15.  And the

second was a final decision from USAID's OCR issued on June 8, 2024.[5]  Torres does not contest that these two decisions constitute final agency actions issued on the identified dates, so these facts are undisputed.  Fed. R. Civ. P. 56(e)(2).

On this record, the Court has little trouble concluding that Torres's suit is untimely.  The deadline to sue based on the MSPB's decision was 30 days after February 14, 2023, or March 16, 2023.  And the deadline to sue based on the OCR's decision was 90 days after June 8, 2024, or September 6, 2024.  But Torres did not sue until September 14, 2024—almost a year and a half after the deadline on the first decision, and over a week past the deadline on the second.  *See McAlister v. Potter*, 733 F. Supp. 2d 134, 142 (D.D.C. 2010) ("Courts apply the ninety-day time limit strictly and will dismiss a suit for missing the deadline by even one day.").

These deadlines are not jurisdictional, so they are subject to equitable tolling.  *Robinson v. Dep't of Homeland Sec. Off. of Inspector Gen.*, 71 F.4th 51, 56–57 (D.C. Cir. 2023) (§ 7703(b)(2)); *Colbert v. Potter*, 471 F.3d 158, 167 (D.C. Cir. 2006) (42 U.S.C. § 2000e-16(c)).  But when a plaintiff "fail[s] to assert any equitable claims that would support a decision to toll this statutory limitation," courts may proceed under the view that "[t]here is no genuine dispute over the fact that the plaintiff filed his complaint beyond the statutory deadline without justification."  *Tyler*, 2001 WL 194930, at *5; *see also Norris*, 885 F. Supp. 2d at 418 (explaining that plaintiffs bear the burden to "plead sufficient justifications for equitable tolling").  And without any such justification, defendants are "entitled to rely on statutory provisions which grant repose," and courts may grant them judgment as a matter of law.  *Tyler*, 2001 WL 194930, at *5.

Along with failing to contest the relevant dates related to the final decisions at issue, Torres

---

[5] Administrator Power characterizes the decision as rendered by the Equal Employment Opportunity Commission, but it was written by the director of USAID's OCR.  ECF No. 19-3 at 3.

6

fails to explain why she would qualify for equitable tolling, even in her response to Administrator Power's motion.  She has not argued, for example, that she failed to receive timely notice of these decisions, or that USAID induced her to delay filing, or that any other reason would justify her tardiness.  *See, e.g.*, *Colbert*, 471 F.3d at 167; *Tyler*, 2001 WL 194930, at *5; *Norris*, 885 F. Supp. 2d at 418–19.  Thus, the Court has no grounds to conclude that equitable tolling applies, so it finds that Torres's claims, whatever their merits, are time-barred.

### III.    Conclusion

For all the above reasons, the Court will dismiss the named defendants because it lacks subject-matter jurisdiction over the claims against them, join Administrator Power as the sole defendant, and grant summary judgment to Administrator Power because Torres's claims are time-barred.

A separate order will issue.

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: January 24, 2025